UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

    TIMOTHY MICHAEL LITTLE        HONORABLE SCOTT W. DALES
                                                  CASE NO. 20-02271-SWD
                                                  CHAPTER 13

           DEBTOR.
_____/
DANIEL J. LEHMAN (P66126)
Attorney for Debtor
41000 Woodward, Suite 350
Bloomfield Hills, MI 48304
(248) 882-3906
--------------------------------
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Creditor
O'REILLY RANCILIO P.C.
Sterling Town Center
12900 Hall Road, Suite 350
Sterling Heights, MI 48313-1151
(586) 997-6481
(586) 726-1000
_____/

**MOTION OF SANTANDER CONSUMER USA INC. DBA CHRYSLER
CAPITAL AS SERVICER FOR CCAP AUTO LEASE LTD. FOR RELIEF
FROM THE AUTOMATIC STAY AND FOR WAIVER OF PROVISIONS
OF FRBP 4001(a)(3)**

      Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. ("Creditor"), pursuant to 11 U.S.C. §§ 361-363 and LBR 9013 and 4001-1 (W.D.M.), moves for relief from the Automatic Stay to permit foreclosure of its security interest on the Debtor's vehicle, to wit: 2019 Dodge Charger bearing Vehicle Identification No. 2C3CDXGJ4KH588240 and for waiver of the provisions of FRBP 4001(a)(3). This Motion is based on the following:

      1.      This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. On April 10, 2019, the Debtor entered into a Lease Agreement with the Creditor, a copy of which is attached as Exhibit B.

3. On July 6, 2020 (the Petition date), Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

4. The Chapter 13 Plan filed on July 20, 2020, states the Debtor intends to surrender the vehicle.

5. The account is past due for the February 10, 2020, payment for a total past due of $4,424.69.

6. The Lease matures April 10, 2022.

7. The Creditor has been unable to verify full-coverage insurance on the vehicle.

8. The Creditor is the owner of the above-mentioned vehicle.

9. Pursuant to 11 U.S.C. § 362(d)(2), the Debtor has no equity in the vehicle as it is the property of the Creditor.

10. Pursuant to 11. U.S.C. § 362(d)(1), the Debtor's continued use of the vehicle is denying the Creditor adequate protection.

11. The Creditor is entitled to relief from the Automatic Stay to foreclose upon its collateral, and to take all action necessary to protect its interest, pursuant to 11 U.S.C. § 362(d)(1) and (2).

12. The proposed Order for Relief from the Automatic Stay is attached as Exhibit A.

In conclusion, the Creditor requests the following:

(a) The entry of the attached Order of Creditor for Relief from the Automatic Stay (Exhibit A); **and**

(b) Such other relief the Court deems necessary for the Creditor to protect its interests in its collateral and provide adequate protection.

         O'REILLY RANCILIO P.C.

         */s/ Craig S. Schoenherr, Sr.*
         _____
         CRAIG S. SCHOENHERR, SR. (P32245)
         Attorney for Creditor
         12900 Hall Road, Suite 350
         Sterling Heights, MI  48313-1151
         (586) 726-1000
         ecf@orlaw.com

DATED:  August 13, 2020